## AFFIDAVIT OF DWIGHT SCHWADER
## IN SUPPORT OF APPLICATION FOR A CRIMINAL COMPLAINT

I, Dwight Schwader, being duly sworn, do depose and state that:

### Preface

1. I am a Special Agent with the United States Department of Transportation ("DOT"), Office of Inspector General ("OIG"), Woburn, Massachusetts and have worked as a Special Agent for DOT-OIG for more than eight years. During that time, I have personally participated in investigations, executed search warrants, and made arrests related to various types of fraud against the United States. Among other federal crimes, I have investigated offenses involving mail fraud, wire fraud, and conspiracy. I have also received training in the investigation of criminal violations of Title 18 and Title 49 of the United States Code that are relevant to the DOT, Federal Motor Carrier Safety Administration ("FMCSA").

2. Based on my training and experience, I know that it is a violation of Title 18, United States Code, Section 1001 for a person to willfully and knowingly make any material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department or agency of the United States.

3. I submit this affidavit in support of a criminal complaint charging John Kamau with willfully and knowingly making a false statement on a DOT Medical Examination Report Form MCSA-5875 (the "Form 5875"), in violation of Title 18, United States Code, Section 1001(a)(2).

4. The facts herein are based on my investigation, my review of pertinent records, a review of reports written by other law enforcement officers, and my conversations with those officers. In submitting this affidavit, I have not included every fact known to me regarding this investigation. Instead, I have included only those facts that I believe are sufficient to establish

probable cause.

## Background

5.      The purpose of Form 5875 is to record the results of a driver's physical examination, to determine qualification to operate a commercial motor vehicle, and to promote driver health in interstate commerce according to the requirements in 49 Code of Federal Regulations ("CFR") 391.41-49.  According to statistics compiled by the FMCSA, in 2016, drivers with commercial motor vehicle licenses were involved in over 4,000 motor vehicle crashes resulting in approximately 4,500 fatalities.  Due to the inherent dangers of operating a commercial motor vehicle, the DOT requires that operators meet certain physical qualifications.  Among those qualifications, pursuant to 49 CFR 391.41-49(b)(3), a person is qualified to drive a commercial motor vehicle if that person has no established medical history or clinical diagnosis of diabetes mellitus currently requiring insulin for control.  The medical examiner, who is required to be registered with the FMCSA and have a National Registry number, in conjunction with a physical examination, uses the information provided on Form 5875 to determine a driver's qualification to operate a commercial motor vehicle in interstate commerce under FMCSA's requirements.  If the operator is qualified, he or she is provided a Medical Examiner's Certificate pursuant to 49 CFR 391.43, which the operator must carry with them at all times when driving a commercial motor vehicle.

6.      Section 1 of Form 5875 lists thirty-two questions in two columns under a section entitled "DRIVER HEALTH HISTORY (continued)" where the driver is asked "**Do you have or have you ever had:**" followed by three columns with three bubbles or check boxes.  Above the first column is "**Yes**", above the second column is "**No**", and the above the third column is "**Not Sure**".  Question 13 asks, "Diabetes or blood sugar problems" with a sub-question asking, "insulin used".  The driver is required to complete the Form 5875.

### John Kamau's False Statements

The May 16, 2016 Form

7. On or about May 16, 2016, Kamau filled out Form 5875 (the "May 16, 2016 Form"). For Question 13, as it pertains to diabetes or blood sugar problems, Kamau filled in the bubble for a "Yes" response, acknowledging that he has diabetes. For Sub-Question 13, "insulin used", Kamau completely filled in the "Yes" bubble and partially filled in the "No" bubble as well. There was no explanation on the May 16, 2016 Form as to why Kamau made markings in both the "Yes" and "No" bubbles. Kamau then signed the May 16, 2016 Form attesting to its accuracy. During this appointment, Kamau disclosed to the medical examiner ("Doctor 1") that he was taking insulin.

8. Based on Kamau's responses, Doctor 1, who is employed by the Concentra Medical Center in Wilmington, MA, and registered with the FMCSA as an medical examiner, determined that Kamau did not meet the standard for qualification to operate a commercial motor vehicle in interstate commerce, and so wrote on the May 16, 2016 Form under the "MEDICAL EXAMINER DETERMINATION" section. Doctor 1's handwritten note on Form 5875 detailing the reason Kamau did not meet the standard for qualification to operate a commercial motor vehicle in interstate commerce read, "Diabetes controlled with insulin".

9. Kamau's application, including Doctor 1's explanation of why Kamau did not qualify to operate a commercial motor vehicle was then entered into the DOT's Motor Carrier's Database, and Doctor 1's office provided Kamau with documentation detailing his lack of qualification and the steps he could take to challenge or reapply. During my interview with Doctor 1, he stated it was his normal practice to inform patients denied certification based on diabetes of the federal exemption program, however he could not recall if he specially informed Kamau of the program. Subsequently, I contacted the DOT's Exemption office to inquire if

Kamau had ever applied for a medical exemption, and on May 8, 2019, received a letter from the Chief of DOT's Medical Programs Division stating that Kamau had never applied for an exemption.

The September 13, 2016 Form

10. On or about September 13, 2016, in the District of Massachusetts, Kamau filled out another Form 5875 (the "September 13, 2016 Form"). For Question 13, as it pertains to diabetes or blood sugar problems, Kamau filled in the bubble for a "No" response. For Sub-Question 13 as it pertains to insulin used, Kamau similarly filled in the bubble for a "No" response. Kamau then signed the form attesting to its accuracy.

11. Based on Kamau's responses, the medical examiner ("Doctor 2"), who is employed by Occupational Medicine in North Chelmsford, MA, and registered with the FMCSA as a medical examiner, determined that Kamau met the standard for qualification to operate a commercial motor vehicle in interstate commerce. Doctor 2 then provided Kamau a Medical Examiner's Certificate.

12. On May 28, 2019, I interviewed Doctor 2, who informed me, that when a patient arrives for a physical examination to determine qualification to operate a commercial motor vehicle, the patient is provided the Form 5875 and instructed to complete it. Doctor 2 further stated that clinic staff are instructed not to complete the form for patients and may only respond to the patient's questions to the staff member. Doctor 2 also stated that, if a driver had responded "Yes" to having diabetes or taking insulin, she would not have deemed such a patient qualified without further documentation that the patient's diabetes was well controlled. Absent such further documentation, the patient would not be qualified for a commercial driver's license.

13. On or about February 2, 2017, I obtained a copy of Kamau's prescription medication history from two pharmacies located in Lowell, MA. The prescription history

showed that, from on or about April 16, 2016, through on or about January 26, 2017, a prescription for Humalog, a brand of insulin, was refilled in his name.

<u>The February 19, 2019 Form</u>

14. On or about February 19, 2019, in the District of Massachusetts, Kamau filled out another Form 5875 (the "February 19, 2019 Form"). Under Section 1 (Driver Information), it asks whether the patient's USDO/FMCSA medical certificate has ever been denied or issued for less than two years. In response to this, Kamau filled in the bubble for a "No" response. Additionally, for Question 13, as it pertains to diabetes or blood sugar problems, Kamau filled in the bubble for a "Yes" response. For Sub-Question 13 as it pertains to insulin used, Kamau filled in the bubble for a "No" response. Kamau then signed the form attesting to its accuracy.

15. Based on Kamau's responses, the medical examiner ("Doctor 3"), who is employed by Occupational Medicine in Westford, MA, and registered with the FMCSA as a medical examiner, determined that Kamau met the standard for qualification to operate a commercial motor vehicle in interstate commerce. Doctor 3 then provided Kamau a Medical Examiner's Certificate.

16. On July 22, 2019, I interviewed Doctor 3, who explained that, had she been aware of Kamau's prior insulin use, before he could be qualified as a driver, he would need to obtain an insulin waiver and be examined by a DOT-approved Endocrinologist. Additionally, Doctor 3 stated that had Kamau answered "Yes" to whether his USDO/FMCSA medical certificate had ever been denied or issued for less than two years, she would have asked for more information regarding whether if it was for a medical reason related to high blood pressure or diabetes.

<u>Interview of John Kamau</u>

17. On July 26, 2019, I interview John Kamau at his residence in Lowell, Massachusetts. During the interview, Kamau was first shown the February 19, 2019 Form, and

admitted that he filled out and signed the February 19, 2019 Form himself. He specifically confirmed that he filled in the responses to Question 13. Kamau stated that he was not taking insulin at the time he filled out the February 19, 2019 Form because his doctor advised him to stop after a medical emergency. Kamau was next shown the May 16, 2016 Form, and admitted that he filled out and signed the May 16, 2016 Form himself. He specifically confirmed that he filled in the responses to Question 13. Next Kamau was shown the September 13, 2016 Form, and admitted that he filled out and signed the September 13, 2016 Form himself. He specifically confirmed that he filled in the responses to Question 13.

## Conclusion

18. Based on the foregoing facts, there is probable cause to believe that on or about September 13, 2016, John Kamau, within the District of Massachusetts, willfully and knowingly made a material false, fictitious, and fraudulent statement and representation, in a matter within the jurisdiction of a department or agency of the United States, in violation of 18 U.S.C. § 1001(a)(2).

Dwight Schwader, Special Agent
United States Department of Transportation
Office of Inspector General

Sworn and subscribed to me this 24th day of September, 2019.

Honorable Jennifer C. Boal
United State Magistrate Judge